## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

MARVIN MOBLEY,

      Plaintiff,

v.                                                                    Case No.  4:21-cv-120-RH/MJF

MADISON COUNTY FLORIDA SHERIFF
DEPARTMENT,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with two courts orders, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging that his former employer discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964. Doc. 1. Specifically, Plaintiff alleged that from the early 1960's through 1982, he was the only African-American officer working for

_____

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

the Madison County Sheriff Department. The Sheriff Department allegedly paid Plaintiff less than white officers and did not allow Plaintiff to contribute to a retirement account.

Because it appeared from the face of Plaintiff's complaint that Plaintiff's claim was barred by the statute of limitations, the undersigned directed Plaintiff to file a notice of voluntary dismissal or an amended complaint Doc. 7. The undersigned imposed a deadline of September 20, 2021. The undersigned warned Plaintiff that his failure to comply likely would result in dismissal of this action. *Id.* at 14. Plaintiff, however, did not submit a notice of voluntary dismissal or an amended complaint.

Therefore, on October 4, 2021, the undersigned ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the court's order and failure to prosecute. Doc. 8. The undersigned again warned Plaintiff that his failure to respond to the court's order likely would result in dismissal of this action. *Id.* at 1. As of the date of this report and recommendation, Plaintiff has not complied with either of the undersigned's orders.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim

when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On August 16, 2021, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Despite having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action beyond filing his complaint.

The undersigned recognizes that the statute of limitations likely has run on Plaintiff's claims. Doc. 7 (discussing that Plaintiff's claims are likely subject to the

statute-of-limitation defense). "Where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is 'tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice.'" *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quotations omitted) (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981)). But Plaintiff's claims likely are barred by the statute of limitations regardless of whether the District Court dismisses this civil action.

Plaintiff has not attempted to prosecute this case for more than two months despite two court orders warning Plaintiff that his claims may be subject to dismissal for failure to prosecute. Docs. 7, 8. Dismissal is the appropriate sanction and any lesser sanction would be inadequate to enforce the court's orders.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully **RECOMMENDS**:

1.    This case be **DISMISSED** without prejudice.

2.    The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 4th day of November, 2021.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**